The Supervisors of Sullivan County v. Dimmick.

---

THE SUPERVISORS OF SULLIVAN COUNTY *and* ALPHEUS DIMMICK, dis- [638] trict attorney.

A *district attorney* is not entitled to charge, in his bill of services rendered, a *subpœna ticket* besides a *subpœna* for each witness.

Nor is he entitled to a fee on the usual motion for judgment after a verdict of guilty, or for arguing in relation to the sentence where the court has a discretion as to the extent of the punishment.

QUESTIONS submitted by consent, as on appeal from the taxation of the district attorney's bill of costs.

*By the Court*, BRONSON, J. The taxed bill, in addition to a subpœna, contains a charge of twenty-five cents for a subpœna ticket for each witness. It is convenient for the witness in criminal as well as in civil cases to have a ticket or brief note, stating the time and place when and where he is required to appear, and the indictment or complaint upon which he is required to give his testimony : but the practice of delivering a ticket in criminal cases has not been uniformly followed in this state, nor is it necessary for the purpose of compelling the attendance of the witness. The district attorney may issue a subpœna, without the seal of the court, (2 R. S. 729, § 63 ;) and by the fee bill, (p. 751,) he is allowed one subpœna for each witness; but no allowance is made for a ticket. The district attorney refers to 2 R. S. 400, § 42, to prove that a ticket must be delivered to the witness : but by referring to the title of chapter 7, in which the section is contained, (p. 386,) it will be seen that this provision relates to proceedings in *civil* cases. The mode of compelling the attendance of witnesses in

283

The People v. The Medical Society of the State of New-York.

*criminal* cases is prescribed at page 729, already referred to. Although the tickets were issued they were not "necessarily prepared," and should have been disallowed by the taxing officer.

The bill also contains charges for motion fees for sentences against criminals Where the defendant *pleads* guilty, the district attorney is entitled to a fee of $1.25 for calling and examining witnesses, and arguing as to the sen-[539] tence; and he is entitled to a like fee for arguing every special motion actually made after notice actually given. But after a *verdict* of guilty, the district attorney is not entitled to a fee on the usual motion for judgment, or for arguing in relation to the sentence where the court has a discretion about the extent of the punishment. These are not special motions after notice within the meaning of the fee bill.

Both of these questions have been before the court, and been decided in relation to the bills of other district attorneys.